28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Charles Edward HILL, Debtor.
Charles Edward HILL, Appellant,
v.
William LITTLE; Minnie Brown; Kip Cyprus; 2974
Properties, Inc.; Community Thrift & Loan;
California Newspaper Service Bureau;
Southern California
Foreclosure
Services, Appellees.
 
 No. 92-56358.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 23, 1994.*
Decided June 8, 1994.
 Before: BROWNING, BOOCHEVER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Hill appeals the decisions of the United States Bankruptcy Court and the Ninth Circuit Bankruptcy Appellate Panel. He argues that both courts erred when they irrebuttably presumed that Hill received reasonably equivalent value for his property, sold at a noncollusive, nonfraudulent foreclosure sale, and thus found that the sale was not a fraudulent transfer. We affirm.
 
 
 3
 Hill's argument is based almost entirely on his assertion that our decision in In re BFP, 974 F.2d 1144 (9th Cir.1992), incorrectly created an irrebuttable presumption that the price received at a properly conducted foreclosure sale constitutes "reasonably equivalent value" for the purposes of determining whether a fraudulent transfer has occurred under 11 U.S.C. Sec. 548(a)(2) (1988). The Supreme Court has now reviewed our BFP decision and affirmed. BFP v. Resolution Trust Corp., 62 U.S.L.W. 4359 (U.S. May 23, 1994). Accordingly, we reject Hill's arguments that BFP is incorrectly decided, that BFP is based on erroneous policy concerns, and that the irrebuttable presumption is an improper contravention of the plain language of Sec. 548(a).
 
 
 4
 Hill also argues that because the parties agreed that the "fair market value and reasonably equivalent value" of the property exceeded the price received at the foreclosure sale, this case is distinguishable from BFP. He claims that the application of an irrebuttable presumption that reasonably equivalent value was received is senseless when the parties have agreed that it was not. This argument lacks merit, however, because "reasonably equivalent value" is a term of art which the Supreme Court tells us means the price received at a properly conducted foreclosure sale. The parties' agreement to the contrary is immaterial.
 
 
 5
 The amount received at the properly conducted state foreclosure sale of Hill's property was the "reasonably equivalent value" of the property. The Bankruptcy Court's and the Bankruptcy Appellate Panel's conclusion that the sale did not constitute a fraudulent transfer pursuant to Sec. 548(a) is therefore AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3